IRENE A. HILDENBRAND et al., Appellants, v. IRA CURTIS et al., Appellees.

**CONTRACTS:** Combined Contract of Sale and Lease. A contract
. 1    in the dual form of a contract (1) of sale of lands, and (2) of a lease of the premises at a stipulated rental per month, will be construed as applying the rent payments to the purchase price, when such is the purpose of the contract when construed as a whole.

**COSTS:** Cost of Transcript. No authority exists for the making of
2    a transcript of the evidence during the trial and taxing the cost thereof as costs in the case and making such costs a lien on the property involved.

*Appeal from Johnson District Court.*—R. P. HOWELL, Judge.

FEBRUARY 17, 1919.

THE material facts are fully stated in the opinion.— *Reversed and remanded.*

*Milton Remley,* for appellants.

*O. A. Byington,* for appellees.

STEVENS, J.—I.   On January 22, 1910, plaintiffs and defendants entered into a contract in writing, by the terms of which defendants agreed to sell and convey the east one

1. CONTRACTS:
combined con-
tract of sale
and lease.

half of Lot 3, Block 2, Berryhill's Addition to the city of Iowa City, Iowa, to the plaintiff Irene A. Hildenbrand, in consideration of $1,250, $240 of which was paid shortly before the contract was executed.   The contract provided that title should remain in the first parties until the full sum of $900 had been paid, at which time a deed conveying the property to plaintiff, free and clear of all liens and incumbrances, was to be executed, and plaintiffs were then to execute a note to Mary Curtis for $350, due in three years, with interest at 6 per cent, and secure the payment thereof by mortgage upon the property conveyed.   The parties concede that the cash payment of $240 should be credited upon the $900.   The contract further, in terms, leased the premises to plaintiffs for ten years and one month, the term commencing January 22, 1910, and ending on the 22d day of February, 1920. at a monthly rental of $8.50, payable on the 18th of each month in advance; gave defendants the right to demand and recover possession of the premises upon giving three days' notice, in case plaintiffs failed or refused to pay the rent as agreed; and provided that, in case of default in payment of the rent, and the forcible removal of plaintiffs from the premises, the $240 payment should be treated as liquidated damages, and forfeited to defendants.   The defendants further agreed to pay 6 per cent interest per annum on all sums received under

the terms of the agreement, to be computed annually on the 22d of January each year, and allowed as a credit on the next month or month's rent accruing after its computation. The contract contained no specific provision for the payment of the balance of the $900, nor was any time fixed therefor. The controversy arises over the application to be made of the monthly payments, which appellants contend should be applied on the purchase price, notwithstanding the fact that, by the terms of the contract, the same is designated as rent. As we understand the record, the contract in controversy was executed to take the place of a prior contract for the sale of the same property, which was executed more than a year prior to the latter contract. The former contract provided for the payment of the entire purchase price in four years, with the option to plaintiffs of a two years' extension, with interest at the rate of 7 per cent per annum. No explanation was offered or reason assigned for the abrogation of the former and the execution of the latter contract. It was the evident purpose and intention of the parties that no title should pass to plaintiffs until the $900 had been paid on the purchase price. The omission from the contract of a definite provision, except the monthly payments, for the payment of the balance thereof, lends support to appellants' interpretation of the agreement. The contract provides that:

"The parties of the second part hereby agree with the party of the first part that the title to said premises and all rights incident thereto shall remain in and be her property until such time when the parties of the second part shall have paid to the parties of the first part under the conditions of this contract the sum of $900."

Plaintiffs' right to occupy the premises and ultimately receive a deed therefor depended upon the prompt payment of the designated amount monthly. It was the evident intention of the parties that these payments should be treated

as rent, at least until the amount thereof, together with the $240, less interest accumulations, should amount to $900. The contract was apparently intended to be so worded that title should remain absolutely in the defendants until the required amount had been paid. The failure thereof to provide the time and manner of paying the balance of the $900, if same was to be paid in addition to the monthly payments, may be due to oversight; but it is hardly probable that the omission of so important a matter could be thus accounted for. The consideration was to be paid "under the conditions of the contract," and the designation of the monthly installments as rent makes no difference if same were, in fact, ultimately to be credited upon the purchase price. Both parties obtain some advantage by the arrangement for monthly payments; and, while defendants agreed to allow credits upon the contract for interest at 6 per cent on all sums paid, as above stated, yet, in case plaintiffs failed to make the payment strictly according to the contract, the $240 paid before the execution thereof was to be retained by defendants as liquidated damages. Construing the instrument as a contract of sale, and not a lease, it seems to us that all payments made thereunder were, in contemplation of the parties, to be ultimately treated as payments on the purchase price, and should be so applied. It may be that the contract under consideration is more favorable to plaintiffs than the one that was abrogated thereby, but no reason is assigned for the difference in the terms of the two instruments, and we cannot assume that defendants did not intend this to be true. It is our conclusion that the parties intended that the monthly payments should be treated as installments on the purchase price, if they were continued until the $900 was paid.

II. The court taxed the expense of a transcript of the evidence made during the trial as a part of the costs, and made the same a lien upon the property. No authority for

this action has been called to our attention, and it does not appear to be authorized.

**2. COSTS: cost of transcript.**

The judgment and decree of the court below is, therefore, reversed, and the cause remanded, with directions that a decree be entered in the court below in accordance with the terms of the contract as interpreted herein, and that it also provide for the payment by defendants of all incumbrances on the property before same is conveyed to plaintiffs. If the parties agree upon a decree, they may have same entered in this court, if desired.—*Reversed and remanded.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.